**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**SHARRY DENISE PERKINS**                                       **PETITIONER**

**v.**                                            **CIVIL ACTION NO.: 3:13cv176-MPM-JMV**

**STATE OF MISSISSIPPI, et al.**                                **RESPONDENTS**

<u>**MEMORANDUM OPINION AND ORDER**</u>

This matter comes before the Court, *sua sponte*, for consideration of dismissal. Petitioner, Sharry Denise Perkins, Mississippi prisoner number 172411, has filed a pro se petition for federal habeas corpus relief pursuant to 28 U.S.C. § 2254, seeking to challenge her State court conviction and sentence for the crime of burglary of a dwelling. Having considered Perkins' petition and the applicable law, the Court dismisses this action without prejudice for the following reasons.

**Background**

In her federal habeas petition, Perkins maintains that she pleaded guilty to the crime of burglary of a dwelling in the Circuit Court of DeSoto County, Mississippi, and was sentenced on November 2, 2011, to serve a term of ten years in the custody of the Mississippi Department of Corrections.[1] In the instant petition, she alleges as grounds for relief that (1) she was forced to accept a plea bargain; (2) she was charged with the wrong crime; (3) she was misinformed about sentencing, and (4) her sentence should have reflected that she was a nonviolent, first-time offender. Perkins concedes that she filed her federal habeas petition on or about July 5, 2013, without first seeking any post-conviction relief in State court.

---

[1] A ten year term of supervised release was also imposed.

**Exhaustion**

A prisoner seeking federal habeas relief must first exhaust her available state court remedies. *See* 28 U.S.C. § 2254(b) and (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 840 (1999). The exhaustion requirement is satisfied when the substance of the habeas claim has been presented to the highest state court in a procedurally proper manner. *See Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997). If a prisoner fails to exhaust her claims prior to seeking federal habeas relief, her federal habeas petition must ordinarily be dismissed. *See Coleman v. Thompson,* 501 U.S. 722, 731 (1991); *see also Duncan v. Walker*, 533 U.S. 157, 178-79 (2001) ("The exhaustion requirement of § 2254(b) ensures that the state courts have the opportunity fully to consider federal-law challenges to a state custodial judgment before the lower federal courts may entertain a collateral attack upon that judgment.").

The Court finds that Perkins has failed exhaust her available State remedies through the Mississippi Post-Conviction Collateral Relief Act. *See* Miss. Code Ann. § 99-39-5(1) (providing avenue for inmate to bring a challenge "[t]hat the conviction or the sentence was imposed in violation of the Constitution of the United States or the Constitution or laws of Mississippi"); *see also* § 99-39-5(2) ("A motion for relief under this chapter shall be made . . . [I]n case of a guilty plea, within three (3) years after the entry of the judgment of conviction."). Since Perkins clearly concedes that he has not pursued her claims through avenues still available in State court, she does not meet the exhaustion requirement, and the instant petition will be dismissed without prejudice for Perkins' failure to exhaust her available State remedies. A separate final judgment consistent with this memorandum opinion and order will issue today.

**SO ORDERED** this the 10th day of July, 2013.

/s/ Michael P. Mills
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**